IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUR,

    Plaintiff,                        CV F 07 1830 AWI WMW PC

    vs.                               ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO
                                       FILE AN AMENDED COMPLAINT

                                       (THIRTY DAY DEADLINE)

JAMES HARTLEY, et al.,

    Defendants.

       Plaintiff is a former state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint.  Plaintiff, an inmate in the custody at the Kings County Jail, brings this civil rights action against defendant correctional officials employed by the California Department of Corrections and Rehabilitation at Avenal State Prison.

       Plaintiff's allegations in this complaint consist of rambling statements that charge various individuals with a conspiracy to murder Plaintiff.  Plaintiff names certain individual defendants, along with Does 1-3000.  Plaintiff seeks over 800 billion dollars in damages.   Plaintiff appears to allege that he was transferred to Avenal in order to murder him, and that defendants were acting on instructions from San Quentin State Prison.  Plaintiff also appears to allege a

conspiracy on behalf of the Board of Prison Terms to deny him parole in order to murder him. Subsequent to the filing of the complaint, Plaintiff was released from the custody of the California Department of Corrections and Rehabilitation.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
2  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
3       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10      In accordance with the above, IT IS HEREBY ORDERED that:
11      1. Plaintiff's complaint is dismissed; and
12      2. Plaintiff is granted thirty days from the date of service of this order to file a
13 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
14 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
15 docket number assigned this case and must be labeled "First Amended Complaint."  Failure to
16 file an amended complaint in accordance with this order will result in a recommendation that this
17 action be dismissed.

20 IT IS SO ORDERED.
21 **Dated:   June 24, 2008**                              /s/  William M. Wunderlich
                                                                  UNITED STATES MAGISTRATE JUDGE