IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUIR,

    Plaintiff,

vs.

JAMES HARTLEY, et al.,

    Defendants.
_____/

1: 07 CV 1830 AWI WMW PC

ORDER RE: FINDINGS & RECOMMENDATIONS (#6)

    Plaintiff is a Kern county Jail inmate proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On June 24, 2008, findings and recommendations were entered, recommending denial of Plaintiff's motion for injunctive relief. On July 30, 2008, Plaintiff filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Both the motion for injunctive relief and objections are difficult to comprehend. However, it appears Plaintiff seeks to have Kings County officials provide Plaintiff with unlimited legal materials and stop conducting some undisclosed form of torture on him.

1

Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). The court is also unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). The underlying complaint in this action, while extraordinarily difficult to decipher, appears to challenge Plaintiff's parole revocation. In the objection, Plaintiff focuses on his need to access legal documents, possibly to litigate the parole revocation issue.

Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam). "[T]he moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Omega World Travel. Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir.1997); Wilson v. Baker, 2008 WL 2825275, *1 (E.D.Cal. 2008); Williams v. Schwarzenegger, 2008 WL 2557980, *1 (E.D.Cal. 2008); Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)). As explained by the Eighth Circuit:

> It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

Devose, 42 F.3d at 471. Because Plaintiff seeks an order that includes issues outside this action,

the court declines to issue the a preliminary injunction.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on June 24, 2008, are adopted in full; and
2. Plaintiff's motion for injunctive relief is denied.

IT IS SO ORDERED.

**Dated: September 9, 2008**          /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE