# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES HARTLEY, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:07-cv-01830-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S CLAIMS<br><br>OBJECTIONS DUE WITHIN 30 DAYS<br><br>(Doc. 9) |

Plaintiff Charles Fordjour ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Yuba County Jail in Marysville, California. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at several other detention facilities. Plaintiff is suing under section 1983 for the violation of his constitutional rights stemming from an alleged conspiracy to murder Plaintiff and alleged illegal government experiments conducted on Plaintiff without his consent. Plaintiff names more than 30 individuals and organizations as defendants. For the reasons set forth below, the Court recommends that this action be dismissed without leave to amend.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.  Background**

**A.  Procedural Background**

Plaintiff filed the original complaint in this action on December 17, 2007. (Doc. #1.) The Court screened Plaintiff's original complaint on June 24, 2008. (Doc. #7.) The Court dismissed Plaintiff's complaint for failing to state any claims and granted Plaintiff leave to file an amended complaint. Plaintiff filed his first amended complaint on July 25, 2008. (Doc. #9.) This action proceeds on Plaintiff's first amended complaint.

**B.  Factual Background**

Plaintiff's first amended complaint consists of a confusing narrative chronicling Plaintiff's belief that prison officials conspired to murder Plaintiff and conduct illegal government experiments

2

on him. Plaintiff names more than 30 individuals and organizations as Defendants. The persons and groups named as Defendants range from correctional officers, wardens, district attorneys, sheriffs, medical personnel, engineers, the California Corrections Peace Officers Association, and a reality television show identified as "All the Way Live DBA XYZ Corporation." (First Am. Compl. 3:17-5:14, ECF No. 9.[1])

Plaintiff vaguely alleges that he was unlawfully arrested on December 17, 2006 for a parole violation and was transported to San Quentin State Prison ("San Quentin"). Plaintiff claims that Defendant Robert L. Ayers, the associate deputy warden at San Quentin, issued "an illegal memorandum and illegal death warrant to have plaintiff Fordjour kill/murdered[sic] for filing CDCR 602 grievances complaints[sic] against CDCR officers Fitts, McNeal, and Snider." (First Am. Compl. 8:11-16, ECF No. 9.) On July 11, 2007 Plaintiff was transferred from San Quentin to Avenal State Prison ("ASP"). The "illegal death warrant" allegedly followed Plaintiff to ASP. Plaintiff was allegedly sent to ASP to be murdered and the "CDCR administration are been[sic] paid to watch the murder on video." (First Am. Compl. 8:21-26, ECF No. 9.) Plaintiff claims that various officials at ASP reviewed the death warrant and made various updates to it. Plaintiff claims that he "was subjected to daily attempted murder and conspiracy to commit murder since from[sic] July 11, 2007 through April 15, 2008." (First Am. Compl. 9:26-28, ECF No. 9.) Plaintiff explains that Defendants "improperly and intentionally falsified the mental health records to make Plaintiff a mental patient . . . to cover-up the murder plot to murder Plaintiff." (First Am. Compl. 10:9-13, ECF No. 9.) Plaintiff claims that CDCR administration "hand-picked inmates and groups of inmates promised ransome[sic] money of $10,000.00." (First Am. Compl. 12:7-10, ECF No. 9.)

Plaintiff also claims that Defendants conducted "illegal governmental experiments" on Plaintiff at Coalinga Regional Medical Center. (First Am. Compl. 14:3-10, ECF No. 9.) Plaintiff claims that doctors and engineers subjected Plaintiff to several tests, such as "blood test every two hours, CT scans of his head, several IV's[sic], MRI scans, MRI head scans, nuclear stress test with

---

[1] Citations to Plaintiff's complaint refer to the page numbers of his complaint as it was electronically docketed. The page numbers used by Plaintiff differ from the pages numbers of the complaint as it was electronically docketed.

acceleration of the heart by chemical means." (First Am. Compl. 13:21-27.) Plaintiff claims that the tests were done without his consent. He further claims that the "illegal government experiments" caused "Plaintiff permanent and irreparable injuries as a cyborg, similar to lobotomy, torture by electronic stimulation, erasing of brain memory by electronic means and medium, poison in food and IV's injections. . . ." (First Am. Compl. 19:23-28.)

Plaintiff also contends that Defendants gave him a hearing aid that has video recording capabilities and has been recording all of Plaintiff's movements. (First Am. Compl. 16:8-13.) Plaintiff makes further confusing allegations with respect to the FBI's "joint participation" with Defendants, as well as the participation of a reality television show called "All the Way Out Live." (First Am. Compl. 17:26-28.) The Court is unable to comprehend Plaintiff's allegations regarding the FBI and "All the Way Out Live." Plaintiff contends that the reality television show violated his right to privacy by "capitalize[sic] on his illegal governmental cyborg effects." (First Am. Compl. 21:25-28.)

**III.    Discussion**

Plaintiff claims that his constitutional rights were violated when prison officials conspired to murder Plaintiff by issuing an "illegal death warrant" and promising other inmates a ransom of $10,000 for Plaintiff's death. Plaintiff further alleges that he was subjected to "illegal government experiments" that were somehow cyborg-related and erased Plaintiff's memory. Plaintiff also alleges that his privacy rights were violated when a reality television show recorded the government's illegal cyborg-related activities.

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' . . . a category encompassing allegations that are fanciful, . . . fantastic, . . . and delusional. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

The Court finds that Plaintiff's factual allegations are frivolous. Plaintiff's allegations regarding the illegal death warrant, the $10,000 bounty on his head, illegal government cyborg

experiments, video-recording hearing-aids, and the reality television programs are fanciful, fantastic, and delusional. The frivolousness of Plaintiff's claims are further evidenced by the sheer number of Defendants that Plaintiff is attempting to sue and the amount of damages he claims. Plaintiff seeks $900 billion in damages from more than 30 individuals and organizations. Plaintiff attempts to hold various sheriffs and district attorneys liable for their failure to believe Plaintiff's allegations and their failure to investigate his complaints.

Further, the Court finds that the deficiencies in Plaintiff's complaint are not capable of being cured by granting further leave to amend. The Court granted Plaintiff leave to amend after issuing its first screening order. The first screening order described Plaintiff's original complaint as "rambling statements that charge various individuals with a conspiracy to murder plaintiff." (Order Dismissing Compl. With Leave To File An Am. Compl. 1:21-22, ECF No. 7.) The Court informed Plaintiff that his allegations were "vague and conclusory," and as a result, did not comply with the pleading standard set forth by Federal Rule of Civil Procedure 8(a)(2). (Order Dismissing Compl. 2:12-14, ECF No. 7.) Plaintiff's amended complaint did nothing to meaningfully supplement his vague and conclusory allegations.

For the reasons set forth herein, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

**IV.    Conclusion and Order**

The Court finds that Plaintiff's complaint should be dismissed because his claims are frivolous. The Court further finds that the deficiencies in Plaintiff's claims cannot be cured by granting further leave to amend.

5

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's first amended complaint be DISMISSED, without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  July 15, 2010**                     /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE